UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MD. Mazhar Hossain,

                            Plaintiff,

     -against-

Condoleezza Rice, U.S. Secretary of State;
U.S. Consulate General, Dhaka, Bangladesh,

                          Defendants.
----------------------------------------------------------------x

**SUMMARY ORDER**

07-CV-2857 (DLI) (VVP)

**DORA L. IRIZARRY, United States District Judge:**

In this lawsuit, plaintiff Md. Mazhar Hossain, a Bangladeshi citizen, is challenging the decision of a United States consular officer in Dhaka, Bangladesh to deny him a visa to enter the United States. Plaintiff names as defendants United States Secretary of State Condoleezza Rice and the Consular Section of the United States Embassy in Dhaka, Bangladesh[1] (the "Consular Section"), and claims a number of statutory and constitutional violations. Defendants move to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, or in the alternative, for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). For the reasons set forth below, defendants' motion to dismiss is granted because the court lacks subject matter jurisdiction to consider plaintiff's claims.

**I.    Background**

Except as otherwise indicated, the following facts are taken from plaintiff's complaint. In 2007, plaintiff was awarded a "diversity visa" through the diversity visa lottery program. *See*

---

[1] In his complaint, plaintiff actually names the "United States Consulate General" in Dhaka, Bangladesh as a defendant. As defendants point out, however, no such entity exists. (*See* Def. Mot. to Dismiss 1, n.1.) The court assumes plaintiff intended to name the Consular Section of the United States Embassy in Dhaka, Bangladesh. *See* http://dhaka.usembassy.gov/consular_section (last visited Aug. 14, 2008).

*Nakamura v. Ashcroft*, No. 99-CV-2717, 2004 WL 1646777, at * 1 n.1 (E.D.N.Y. July 20, 2004) (describing the diversity visa program). Receipt of the diversity visa made plaintiff eligible to apply for an immigrant visa for permanent residency in the United States. *See id*. Plaintiff subsequently filed a visa application form with the United States Department of State, along with processing fees and documents verifying his identity and educational background. On May 28, 2007, a consular officer at the Consular Section denied plaintiff's visa application, citing the use of a false identity and claiming that plaintiff's real name was "Md. Aman Ullah."

Plaintiff filed the instant complaint on July 13, 2007, alleging that the Consular Section fails to follow its own regulations, reviews visa applications in an arbitrary and capricious manner, and denies eligible and qualified applicants in bad faith. Plaintiff argues that all of the documentation he provided to the Consular Section consistently lists his name as Md. Mazhar Hossain. Plaintiff also alleges that the Consular Section asks Bangladeshi visa applicants, including himself, an unlawful line of academic questions designed "to disqualify applicants whose academic credentials [have] been found [to be] authentic." (Compl. ¶ 15.) Plaintiff claims violations of the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-706, the Freedom of Information Act, 5 U.S.C. § 552, the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255, and the Due Process Clause of the Fifth Amendment of the United States Constitution.

Plaintiff asks this court to assume jurisdiction of his cause of action, declare the defendants' actions unlawful, and order the Consular Section to reprocess his application "in accordance with the law" and issue him the visa he believes he is owed. (Compl. 12.) Plaintiff also seeks an award of attorney's fees and "costs and expenses under the Equal Access to Justice Act." (*Id*.) Additionally, plaintiff contends that insofar as Bangladeshi visa applicants are

subject to additional and separate evaluation standards than visa applicants in other countries, such standards are governed by the APA's notice and comment provisions, 5 U.S.C. §553, §555(e), and must be disclosed so that plaintiff, and other members of the plaintiff class,[2] "will be able to request and address their standard of proof in conformity with them." (Compl. 9.)

## II. Discussion

### A. Standard of Review

In evaluating a motion to dismiss under Rule 12(b)(1), the court accepts as true all factual allegations in the complaint but should not, however, draw inferences favorable to the party asserting jurisdiction. *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004) (citation omitted). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F. 3d 110, 113 (2d Cir. 2000). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). In determining the existence of subject matter jurisdiction, a district court may consider evidence outside the pleadings. *Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008) (citing *Makarova*, 201 F.3d at 113). Subject matter jurisdiction is a threshold issue, and thus, where a party moves to dismiss under both Rules 12(b)(1) and 12(b)(6), the court must address the 12(b)(1) motion first. *Sherman v. Black*, 510 F. Supp. 2d 193, 197 (E.D.N.Y. 2007) (citing *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990)).

---

[2] In some portions of plaintiff's complaint, it is unclear whether plaintiff is suing solely on his own behalf, or also on behalf of those similarly situated. Because this ambiguity has no bearing on the court's jurisdiction, it need not be addressed.

3

B.  The Doctrine of Consular Non-reviewability

Defendants argue that review of plaintiff's complaint is barred by the doctrine of "consular non-reviewability." Consular non-reviewability refers to the "long-standing judicial practice of refusing to review a consular official's decision to issue or withhold a visa." *American Academy of Religion v. Chertoff*, 463 F. Supp. 2d 400, 417 (S.D.N.Y. 2006) (citing *Saavedra Bruno v. Albright*, 197 F.3d 1153, 1159 (D.C.Cir. 1999)). "It has been applied by courts to preclude lawsuits by aliens—or their U.S. citizen sponsors—challenging a consular official's denial of a visa." *Id*. (citing *Saavedra Bruno*, 197 F.3d at 1155; *Hsieh v. Kiley*, 569 F.2d 1179, 1181 (2d Cir. 1978); *Rivera de Gomez v. Kissinger*, 534 F.2d 518, 519 (2d Cir. 1976); *Dong v. Ridge*, No. 02 Civ. 7178, 2005 WL 1994090, at **3, 5 (S.D.N.Y. Aug. 18, 2005). The doctrine is well established and beyond dispute. *See Kleindienst v. Mandel*, 408 U.S. 753, 766 (1972) ("The power of congress to exclude aliens altogether from the United States, or to prescribe the terms and conditions upon which they may come to this country, and to have its declared policy in that regard enforced exclusively through executive officers, without judicial intervention, is settled by our previous adjudications.") (quoting *Lem Moon Sing v. United States*, 158 U.S. 538, 547 (1895)).

Congress has vested the United States consulate officers with the exclusive power to issue or deny visas. 8 U.S.C. § 1101(a)(9), (16); 8 U.S.C. §1201(a); *see also* 8 U.S.C. § 1104(a)(1) ("The Secretary of State shall be charged with the administration and the enforcement of . . . immigration and nationality laws relating to (1) the powers, duties, and functions of diplomatic and consular officers of the United States, *except those powers, duties, and functions conferred upon the consular officers relating to the granting or refusal of visas*.") (emphasis added). As such, district courts have no jurisdiction to review a consular official's decision

denying a visa to a foreign national. *Hsieh*, 569 F.2d at 1181 ("It is settled that the judiciary will not interfere with the visa-issuing process.") (collecting cases); *Rivera de Gomez*, 534 F.2d at 519 (affirming the district court's holding that it "lacks jurisdiction to review the acts of American consular officials abroad in determining whether or not to issue a visa.").

Indeed, the only cases where courts have reviewed consular visa decisions are those in which the constitutional rights of an American citizen or a legal resident are implicated. *See Kleindienst*, 408 US at 762, ("It is clear that Mandel personally, as an unadmitted and nonresident alien, had no constitutional right of entry to this country . . . The rights asserted here . . . are [the First Amendment rights] of American academics who have invited Mandel to participate with them in colloquia debates, and discussion in the United States."); *see also American Academy of Religion*, 463 F. Supp. 2d at 417 ("[T]he doctrine [of consular non-reviewability] does not apply in cases brought by U.S. citizens raising constitutional, rather than statutory, claims."). Although plaintiff advances a laundry list of statutory bases[3] for this court to exercise jurisdiction over the instant case, none allow the court to review the Consular Section's decision to deny plaintiff a visa. *Hsieh*, 569 F.2d at 1181-82 (finding no subject-matter jurisdiction under either the Declaratory Judgment Act or the APA); *Rivera de Gomez*, 534 F.2d at 519 (rejecting plaintiff's contention that Section 279 of the INA provides federal courts jurisdiction to interfere with the visa-issuing process); *see also Maldonado-Coronel v. McElroy*, 943 F. Supp. 376, 381 (S.D.N.Y. 1996) (finding no "obvious foundation upon which [to] exercise jurisdiction" where the plaintiff had alleged that jurisdiction was provided by the APA,

---

[3] Plaintiff advances the following bases for jurisdiction: federal question jurisdiction, 28 U.S.C. § 1331; Section 279 of the INA, 8 U.S.C. § 1329; the Declaratory Judgment Act, 28 U.S.C. § 2201; the APA, 5 U.S.C. §§ 555, 702; and mandamus jurisdiction, 28 U.S.C. § 1361. (Compl. 1-2.)

the Mandamus statute, the Declaratory Judgment Act, and Section 279 of the INA, among other statutes).

Plaintiff's allegations, if true, are troubling. Yet, "[w]hether the consul has acted reasonably or unreasonably is not for [a federal court] to determine." *Landon v. Phelps*, 22 F.2d 288, 290 (2d Cir. 1927). "Unjustifiable refusal to vise a passport may be ground for diplomatic complaint by the nation whose subject has been discriminated against[, but] [i]t is beyond the jurisdiction of the court." *Id*. (citation omitted). The Consular Section's decision to deny plaintiff a visa is not subject to judicial review, and as such, the court lacks subject matter jurisdiction over plaintiff's complaint and it must be dismissed.

## III. Conclusion

For the reasons set forth above, the court lacks jurisdiction to consider plaintiff's claims, and defendant's motion to dismiss the complaint is granted pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

SO ORDERED

Dated: Brooklyn, New York
      August 16, 2008

                                                  _____/s/_____
                                                      DORA L. IRIZARRY
                                                 United States District Judge